1

2

3

4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    KAIMIN JIMMY JEN,                          Case No.15-cv-03834-HSG

8                Plaintiff,

9           v.                                  **AMENDED ORDER ON DEFENDANTS'
                                                MOTION TO DISMISS; ORDER
10   CITY AND COUNTY OF SAN                      DENYING AS MOOT DEFENDANTS'
     FRANCISCO, et al.,                         MOTION FOR LEAVE TO FILE A
                                                MOTION FOR RECONSIDERATION**
11              Defendants.
                                                Re: Dkt. Nos. 29 & 34
12

13          The Court previously granted in part and denied in part the motion to dismiss filed by

14   Defendant City and County of San Francisco ("San Francisco").  Dkt. No. 29 ("MTD Order").

15   San Francisco then filed a motion for leave to file a motion for reconsideration, contending that

16   the Court did not rule on its argument that Plaintiff Kaimin Jen ("Plaintiff") failed to allege that he

17   complied with the California Government Claims Act, Cal. Gov't Code § 810 *et seq*, before filing

18   his 2010 state-law false arrest claim in this case.  Dkt. No. 34.  Plaintiff did not file an opposition.

19          The Court agrees with San Francisco's underlying argument and, in lieu of granting its

20   request to file a reconsideration motion, hereby **AMENDS** the MTD Order as set forth herein.  For

21   that reason, San Francisco's motion for leave to file a reconsideration motion is **DENIED** as moot.

22          The California Government Claims Act generally requires that any plaintiff asserting a

23   claim for money or damages against a local public entity must file a claim with that entity before

24   filing suit.  Cal. Gov't Code §§ 905, 915.  When a claim against a local public entity "relat[es] to a

25   cause of action for death or for injury to person," that claim "shall be presented . . . not later than

26   six months after the accrual of the cause of action."  *Id.* § 911.2(a).  "For the purpose of computing

27   the time limits prescribed by Section[] 911.2 . . . the date of the accrual of a cause of action to

28   which a claim relates is the date upon which the cause of action would be deemed to have accrued

United States District Court
Northern District of California

United States District Court
Northern District of California

1    within the meaning of the statute of limitations . . . .” *Id.* § 901.  Subject to relief,[1] a “failure to

2    timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit

3    against that entity.” *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004).  Where a

4    plaintiff has “fail[ed] to allege facts demonstrating or excusing compliance with the claim

5    presentation requirement,” the public entity is entitled to have the action dismissed.  *Id.*

6          The six-month personal injury deadline in California Government Code § 911.2(a) applies

7    to false arrest claims under California law.  *See Sternberg v. Town of Danville*, No. 15-cv-01878,

8    2015 WL 9024340, at **6-7 (N.D. Cal. Dec. 15, 2015).  False arrest claims accrue either upon the

9    initiation of lawful process (e.g., after the filing of an indictment or a probable cause finding in a

10   preliminary hearing) or upon release from imprisonment, whichever is first.  *See Asgari v. City of

11   Los Angeles* 15 Cal. 4th 744, 752 (1997) (explaining that a false arrest or false imprisonment claim

12   accrues no matter what once a “plaintiff’s confinement [i]s pursuant to lawful process”); *see also

13   Torres v. Dep’t of Corr. & Rehab.*, 217 Cal. App. 4th 844, 848 (2013) (“[A] false imprisonment

14   cause of action accrues upon the plaintiff’s release from physical confinement[.]”) (citing *Collins

15   v. Cty. of Los Angeles*, 241 Cal. App. 2d 451, 456-457 (1966)); *Scannell v. Cty. of Riverside*, 152

16   Cal. App. 3d 596, 614 (1984) (when the plaintiff posted bail, his alleged false arrest ended).

17         In this case, Plaintiff alleges that he was arrested on August 3, 2010.  Dkt. No. 1 ¶¶ 23, 27.

18   The Court previously took judicial notice that his preliminary hearing ended on February 5, 2013.

19   MTD Order at 5-6; Dkt. Nos. 10-12.  Plaintiff alleges that he filed his government claim with San

20   Francisco asserting false arrest on February 3, 2015.  Dkt. No. 1 ¶ 27.  And the Court previously

21   took judicial notice of that denial letter, which was dated February 26, 2015.  MTD Order at 5-6.

22   Based on these dates, Plaintiff’s government claim for false arrest in 2010 was facially untimely

23   because he was held pursuant to lawful process after his preliminary hearing resulted in a probable

24   cause determination.  But Plaintiff has not alleged that he filed an application for relief from that

25   untimely filing or that some form of equitable tolling applies.  *See Castaneda v. Dep't of Corr. &

26   Rehab.*, 212 Cal. App. 4th 1051, 1064 (2013).

27

28   ---

[1] A claimant who has untimely filed a claim may file an application for relief from the public entity to which the claim is presented.  Cal. Gov’t Code § 911.4.

Accordingly, the Court hereby **AMENDS** its MTD Order to **DISMISS** Plaintiff's 2010 false arrest claim under state law **WITHOUT PREJUDICE**.  Plaintiff is **GRANTED LEAVE TO AMEND** within 30 days to allege either that he filed an application for leave to file an untimely government claim or that his claim is subject to statutory or equitable tolling.

**IT IS SO ORDERED.**

Dated:  10/4/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge