UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIMIN JIMMY JEN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No.15-cv-03834-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY PARTIAL DISMISSAL; STRIKING PLAINTIFF'S AMENDED COMPLAINT; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS AND DEFENDANT'S MOTION TO SHORTEN TIME**<br><br>Re: Dkt. Nos. 38, 39, 40 & 41 |

Pro se Plaintiff Kaimin Jen ("Plaintiff") moves to voluntarily dismiss his claim for racial and national origin discrimination under California Civil Code § 52.1(b). Dkt. No. 41; *see also* Dkt. No. 1 ¶¶ 45-47. The Court previously granted Defendant City and County of San Francisco's ("San Francisco") motion to dismiss that claim without prejudice and with leave to amend. Dkt. No. 29 at 10-11. In response, Plaintiff initially attempted to amend his complaint in the form of a legal brief. Dkt. No. 38. San Francisco then moved to dismiss that document or in the alternative for a more definite statement, Dkt. No. 39, and also moved to expedite hearing on that motion, Dkt. No. 40. Plaintiff then filed the instant motion for voluntary dismissal. The Court discussed these issues during a further case management conference that was held on October 4, 2016.

Federal Rule of Civil Procedure 41(a) provides that a party may voluntarily dismiss a claim without court approval if the notice of dismissal is filed "before the opposing party serves either an answer or a motion for summary judgment" or upon "a stipulation of dismissal signed by all parties who have appeared." Federal Rule of Civil Procedure 41(b) provides that in all other cases that court approval is required to voluntarily dismiss a claim in all other situations.

The Court finds that Plaintiff's motion is proper. Accordingly, the Court hereby **GRANTS**

1  Plaintiff's motion to voluntarily dismiss his claim for racial and national origin discrimination
2  under California Civil Code § 52.1(b) that flowed from the 1999, 2000, and 2007 building code
3  enforcement actions.  The Court also **STRIKES** Plaintiff's "first amended complaint," Dkt. No.
4  38, and will consider Plaintiff's original complaint, Dkt. No. 1, as the operative complaint.  For
5  that reason, the Court also **DENIES AS MOOT** San Francisco's motion to dismiss Plaintiff's first
6  amended complaint and its motion to have its motion to dismiss heard on shortened time.

**IT IS SO ORDERED.**

Dated: 10/5/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2