UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIMIN JIMMY JEN,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. 15-cv-03834-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 51 |

Pending before the Court is Defendant City and County of San Francisco, Dennis Herrera, Rafael Torres-Gill, and Mike Klose's ("Defendants") motion to dismiss Pro Se Plaintiff Kaimin Jen's ("Plaintiff") Third Amended Complaint ("TAC"). *See* Dkt. Nos. 49, 51. Alternatively, Defendants move for a more definite statement pursuant to FRCP 12(e). *See* Dkt. No. 51. The Court finds the matter appropriate for decision without oral argument, *see* Civil L.R. 7-1(b), **DENIES** Defendants' motion for a more definite statement, and **GRANTS** Defendants' motion to dismiss with leave to amend.

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering motions to dismiss, Courts must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite

statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Defendants argue that Plaintiff's TAC violates FRCP 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Defendants argue that Plaintiff's TAC "is a brief, not a pleading," and contend that they are unable to file an answer to the document because it "does not make factual allegations." Dkt. No. 51 at 3. Having reviewed Plaintiff's TAC, the Court agrees that it is a legal brief rather than a complaint pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "mere vagueness or lack of detail is not ground for a motion to dismiss, [and] should [instead] be attacked by a motion for a more definite statement," *Harman v. Valley Nat'l Bank of Ariz.*, 339 F. 2d 564, 567 (9th Cir. 1964), Plaintiff's TAC is not merely vague. Rather, Plaintiff has improperly used the TAC to make a legal argument that his government claim for false arrest in 2010 is timely. *See* Dkt. No. 49 at 7. While the Court previously granted Plaintiff leave to amend his complaint to provide additional *facts* in support of that assertion, if he can do so truthfully, Plaintiff may not submit a legal brief that advances legal arguments. In other words, Plaintiff's amended complaint must allege, in a single document, facts--not arguments--establishing the basis for the remaining claims in this action, specifically:

1. Plaintiff's claims of false arrest and racial and national origin discrimination under California Civil Code § 52.1(b) relating to his 2010 arrest and 2014 prosecution; and
2. Plaintiff's claims for racial and national origin discrimination and conspiracy under 42 U.S.C. §§ 1981, 1983, and 1985 relating to his 2010 arrest and 2014 prosecution.

With regard to Plaintiff's section 1981, 1983, and 1985 claims relating to his 2010 arrest and 2014 prosecution, Plaintiff need only re-allege the same facts that he provided in the original complaint in support of that claim, as the Court has already found that they were sufficient to plead a claim under FRCP 12(b)(6). *See* Dkt. No. 29 at 21. With regard to Plaintiff's section 52.1(b) claim, Plaintiff must re-allege the facts he pled in the original complaint *and allege additional facts* establishing that he filed an application for leave to file an untimely government claim, or that his claim is subject to statutory or equitable tolling, if he can truthfully make such

allegations.

In his amended complaint, Plaintiff must specifically identify what each named defendant did or did not do with regard to each remaining claim, as he did in his original complaint. Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Plaintiff may not rely on the original complaint or his opposition to Defendants' motion to dismiss to establish the relevant facts. They must be fully pled in the amended complaint, which must be complete and self-contained. Claims and defendants not included in the amended complaint will not be considered by the Court. *See Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc). Because the FAC must comply with the requirements of the Federal Rules of Civil Procedure and the Court's Local Rules, the Court strongly encourages Plaintiff to schedule an appointment with the *pro se* Legal Help Center, either by calling 415-782-8982 or by signing up in the appointment book located on the table outside the door of the Legal Help Center at the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Room 2796, in San Francisco, California.

For the foregoing reasons, the Court **DENIES** Defendants' motion for a more definite statement, **GRANTS** Defendants' motion to dismiss with leave to amend, and **STRIKES** Plaintiff's TAC from the record. Plaintiff has a final opportunity to file a fourth amended complaint that corrects the deficiencies identified above by January 30, 2017.

**IT IS SO ORDERED.**

Dated: 1/9/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge