UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIMIN JIMMY JEN,<br><br>   Plaintiff,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No.15-cv-03834-HSG<br><br>**ORDER REGARDING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 77, 85, 106 |

Pending before the Court are several motions: a motion to extend a discovery deadline by pro se Plaintiff Kaimin Jimmy Jen, Dkt. No. 77; a motion to dismiss by Defendant City and County of San Francisco ("CCSF"), Dkt. No. 85; and a motion for reconsideration by Plaintiff, Dkt. No. 106. The Court considers each in turn.

**I. PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE**

On May 30, 2017, Plaintiff filed a motion to extend a discovery deadline from June 1, 2017 to June 30, 2017. Given the relief requested, Plaintiff's motion is **DENIED AS MOOT**.

**II. CCSF'S MOTION TO DISMISS**

In this case, Plaintiff brings suit against CCSF and three other named defendants: Dennis Herrera ("Herrera"); Rafael Tores-Gil ("Tores-Gil"); and Mike Klose ("Klose"). *See* Dkt. No. 60 ("Fourth Amended Complaint" or "FAC") ¶¶ 8-10. On June 29, 2017, CCSF moved to dismiss the individual defendants, contending that Plaintiff failed to serve them within Rule 4's window. *See* Dkt. No. 85. The Court agrees.

"If a defendant is not served within [120][1] days after the complaint is filed, the court—on

---

[1] Effective December 1, 2015—*i.e.*, after Plaintiff filed his initial complaint—"the presumptive time for serving a defendant [under Rule 4 was] reduced from 120 days to 90 days." Fed. R. Civ.

motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Such a dismissal is pursuant to Federal Rule of Civil Procedure 12(b)(5). *See Bravo v. CDCR Director*, No. C-12-06414 JSC, 2013 WL 3786630, at *1 (N.D. Cal. July 17, 2013); Fed. R. Civ. P. 12(b)(5) (providing for dismissal on grounds of "insufficient service of process"). "The 120-day time limit imposed by Rule 4(m) expires 120 days after the *first* complaint in which the defendant is named," and "does not restart each time a plaintiff files a new amended complaint." *Rudolph v. UTStarcom, Inc.*, No. C 07-04578 SI, 2009 WL 248370, at *2 (N.D. Cal. Feb. 2, 2009) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)) (original emphasis); *see also Thai v. U.S.*, No. 15cv583 WQH (NLS), 2016 WL 1585135, at *2 (S.D. Cal. Mar. 15, 2016) (citing *Bolden* for same principle); *Stephens v. St. Francis Med. Ctr.*, No. CV 15-5568 R(JC), 2017 WL 3614420, at *4 (C.D. Cal. Aug. 22, 2017) (explaining that the deadline to serve defendants was 90 days after the filing of the complaint in which they were initially named). Where a plaintiff "shows good cause for the failure" to effect service, however, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Service is a procedural prerequisite to a court's exercising personal jurisdiction over a defendant. *See Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1033 (N.D. Cal. 2015) (citing *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987)).

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Id.* (quoting *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives notice of the complaint," *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (citation and internal quotation marks omitted), "neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4," *id.* (citation and internal brackets omitted).

---

P. 4 advisory committee's note (2015 amendment, subdivision (m)). Cases decided prior to December 2015 thus refer to Rule 4's 120-day service period, which was the applicable rule for Plaintiff's initial complaint. The Court modifies the text of the rule here for clarity.

Herrera, Tores-Gil, and Klose were initially named in Plaintiff's original complaint, which he filed on August 21, 2015. Dkt. No. 1. The deadline for service thus expired 120 days later, on December 21, 2015. There is no dispute that Plaintiff served CCSF within this time period. *See* Dkt. Nos. 2 (summons filed on August 21, 2015 naming CCSF as a defendant); 5 (executed summons filed on November 12, 2015 showing that CCSF was served on August 15, 2015). But that is the sole executed summons on the docket, and there is no indication that Herrera, Tores-Gil, or Klose were ever served with a copy of the summons and complaint. Moreover, on May 30, 2017—nearly two years after Plaintiff filed the original complaint—counsel for CCSF informed Plaintiff in a settlement conference statement that "he failed to comply with Federal Rule of Civil Procedure 4(m) with respect to Defendants Dennis Herrera, Rafael Tores-Gil, and Mike Klose." Dkt. No. 87 (Declaration of Thomas S. Lakritz) ¶ 5. Plaintiff still has not served the latter defendants.

CCSF's challenge to Plaintiff's service of the initial complaint triggers his "burden of establishing that service was valid under Rule 4." *See Sebastian Brown Prods.*, 143 F. Supp. 3d at 1033. Given Plaintiff's failure to file an opposition to CCSF's motion to dismiss, Plaintiff has failed to meet this burden in any respect. The flexibility of Rule 4 notwithstanding, this Court declines to extend the time for service given (1) Plaintiff's failure to show any cause, let alone good cause, and (2) the length of the delay of service, which at more than two-and-a-half years, has far exceeded Rule 4(m)'s then-effective 120-day period. Even assuming Herrera, Tores-Gil, and Klose had actual notice of Plaintiff's complaint, such notice would be insufficient to subject them to personal jurisdiction given the lack of any compliance with Rule 4 by Plaintiff.

Accordingly, CCSF's motion to dismiss is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE** as to Herrera, Tores-Gil, and Klose.

### III. PLAINTIFF'S MOTION FOR RECONSIDERATION

On June 29, 2017, CCSF filed a motion for summary judgment. Dkt. No. 91. Plaintiff did not file an opposition. Instead, on July 11, 2017, he filed a motion seeking, as relevant here, an extension of time to respond to CCSF's motion for summary judgment. *See* Dkt. No. 99 at 4. On

July 24, 2017, the Court denied Plaintiff's request and took CCSF's motions under submission.[2] Dkt. No. 105. The Court did allow Plaintiff until August 4, 2017 to file an opposition, however. *See id.* On August 4, instead of filing an opposition, Plaintiff filed a motion requesting reconsideration of the Court's order denying his motion for an extension of time. Dkt. No. 106. Specifically, he sought an additional 45 days to file an opposition. *See id.* at 5-6.

Notwithstanding the fact that Plaintiff's motion for reconsideration was filed in violation of the local rules, *see* Civil L.R. 7-9(a) (requiring leave of court to file a reconsideration motion), the 45 days Plaintiff requested has long since passed. His motion is accordingly denied as moot. In an abundance of caution given Plaintiff's pro se status, the Court will grant Plaintiff one <u>final</u> opportunity to file an opposition to CCSF's motion for summary judgment. The Court notes that Plaintiff already has had ample time to respond to the motion: for example, under the Court's July 24, 2017 order, Plaintiff was granted a full 36 days from the filing of CCSF's motion to respond, rather than the usual 14-day default deadline under the local rules. *See* Civil L.R. 7-3(a); Dkt. No. 105. Moreover, CCSF's motion has been pending for nearly nine months, such that Plaintiff has had far longer than the 45-day extension he requested to file an opposition. Plaintiff has nevertheless failed to file a response.

Accordingly, Plaintiff's motion for reconsideration is **DENIED AS MOOT**. Plaintiff is **DIRECTED** to file any opposition to CCSF's motion for summary judgment no later than May 7, 2018. No further extensions will be granted, and if Plaintiff fails to file an opposition by that date the Court will rule on the motion for summary judgment without further notice.

**IV. CONCLUSION**

For the foregoing reasons, the Court decides the motions at issue as follows:

1. Plaintiff's motion to extend a discovery deadline, Dkt. No. 77, is **DENIED AS MOOT**.

2. CCSF's motion to dismiss, Dkt. No. 85, is **GRANTED**. The action is **DISMISSED WITHOUT PREJUDICE** as to Herrera, Tores-Gil, and Klose.

---

[2] On July 20, 2017, CCSF filed a reply brief in support of its motion for summary judgment. Dkt. No. 104.

4

3. Plaintiff's motion for reconsideration, Dkt. No. 106, is **DENIED AS MOOT**. Plaintiff is nevertheless **DIRECTED** to file any opposition to CCSF's motion for summary judgment no later than May 7, 2018. No further extensions will be granted.

**IT IS SO ORDERED.**

Dated: 3/28/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge