UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIMIN JIMMY JEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No.15-cv-03834-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 91 |

Pending before the Court is a motion for summary judgment filed by Defendant City and County of San Francisco ("CCSF"). Dkt. No. 91. For the reasons set forth below, the Court **GRANTS** CCSF's motion.

I. **BACKGROUND**

A. **Factual Allegations**

Because Plaintiff Kaimin Jimmy Jen has submitted no evidence in response to CCSF's motion for summary judgment, the Court briefly summarizes the relevant factual allegations in the operative Fourth Amended Complaint to provide context.

Plaintiff, a former engineer, brought suit against CCSF and three other named defendants: Dennis Herrera ("Herrera"), city attorney for CCSF; Rafael Tores-Gil ("Tores-Gil"), supervisor of the Code Enforcement Division within the Building Department for CCSF; and Mike Klose ("Klose" and, collectively with CCSF, Herrera, and Tores-Gil, "Defendants"), the chief investigative officer for CCSF's district attorney's office. *See* Dkt. No. 60 (Fourth Amended Complaint, or "FAC") ¶¶ 8-10. Plaintiff alleges that, beginning in 1999, Defendants engaged in "a campaign of . . . discrimination, harassment, retaliation, humiliation, defamation of character, intimidation, and malicious prosecution against [Plaintiff], his family and people of Chinese

United States District Court
Northern District of California

background, and other minorities." *Id.* ¶ 13.

This culminated in 2010, when Herrera "urged the District Attorney's Office to launch a criminal investigation" into Plaintiff regarding a forged signature and license stamp used on his construction projects. *See id.* ¶ 21. Klose led the investigation into Plaintiff. *Id.* ¶ 23. During the course of their investigation, Defendants are alleged to have harassed Plaintiff, *see id.* ¶ 22, ignored evidence favorable to Plaintiff, *see id.* ¶¶ 23-24, and falsified evidence to "persuade the prosecutors to prosecute [Plaintiff] in violation of his civil rights," *see id.* ¶ 25.

On August 3, 2010, Plaintiff was arrested. *Id.* ¶ 29. CCSF "levied 232 fabricated charges against" Plaintiff, "set . . . bail at $50 million," and incarcerated Plaintiff for four years. *See id.* ¶ 30. Plaintiff further alleges that Defendants "knew that there was no probable cause to charge [him] with any crime," but nonetheless "used and relied on evidence at the preliminary hearing to create probable cause they knew was false." *Id.* ¶ 34. On August 8, 2014, however, "all charges were dismissed." *Id.* ¶ 30.

### B. Procedural Posture

Plaintiff filed the original complaint in this action on August 21, 2015. Dkt. No. 1. In response, CCSF filed a motion to strike, Dkt. No. 6, and a motion to dismiss, Dkt. No. 7. On July 11, 2016, the Court ruled on CCSF's motions. Dkt. No. 29. Construing the complaint liberally, the Court found that Plaintiff alleged several causes of action, but dismissed most of the claims with prejudice based on uncorrectable legal defects. *See* Dkt. No. 29 at 20-21.

On August 11, 2016, Plaintiff filed a document styled as a First Amended Complaint, Dkt. No. 38, which the Court struck on October 5, 2016, *see* Dkt. No. 47. Apparently without filing a Second Amended Complaint, Plaintiff filed a Third Amended Complaint on October 18, 2016. Dkt. No. 49. On January 9, 2017, the Court entered an order dismissing the Third Amended Complaint with leave to amend and striking it from the record because it was a legal brief rather than a complaint. Dkt. No. 57 at 2-3. In so doing, the Court enumerated Plaintiff's remaining claims: (1) false arrest and racial and national origin discrimination under Cal. Civ. Code § 52.1(b) relating to his 2010 arrest and 2014 prosecution; and (2) racial and national origin discrimination and conspiracy under 42 U.S.C. §§ 1981, 1983, and 1985 relating to his 2010 arrest and 2014

2

prosecution. *See id.* at 2.

Plaintiff filed the FAC on January 27, 2017. Dkt. No. 60. On February 13, 2017, CCSF moved to dismiss the FAC's fourth and fifth causes of action: violation of Cal. Civ. Code § 52.1(b), and false arrest and false imprisonment, respectively. *See* Dkt. No. 62 at 1. CCSF concurrently filed a motion to strike those causes of action from the FAC. *See* Dkt. No. 61. On April 20, 2017, the Court granted both motions, Dkt. No. 69, leaving only Plaintiff's claims of racial and national origin discrimination and conspiracy relating to his 2010 arrest and 2014 prosecution under 42 U.S.C. §§ 1981, 1983, and 1985.

On June 29, 2017, CCSF filed a motion to dismiss the claims against Herrera, Tores-Gil, and Klose, Dkt. No. 85, and a motion for summary judgment as to the claims against CCSF, Dkt. No. 91. Plaintiff did not file an opposition to either motion. Instead, on July 11, 2017, he filed a motion seeking, as relevant here, an extension of time to respond to CCSF's motion for summary judgment. *See* Dkt. No. 99 at 4. On July 24, 2017, the Court denied Plaintiff's request for an extension of time and took CCSF's motion to dismiss and motion for summary judgment under submission.[1] Dkt. No. 105. The Court did allow Plaintiff until August 4, 2017 to file oppositions to those motions, however. *See id.* On August 4, instead of filing an opposition, Plaintiff sought reconsideration of the Court's order denying his July 11 motion for an extension of time, and sought 45 additional days to respond to the motions. Dkt. No. 106.

On March 28, 2018, the Court granted CCSF's motion to dismiss. *See* Dkt. No. 119 at 1-3. In the same order, the Court denied as moot Plaintiff's August 4 request for reconsideration. *See id.* at 3-4. It also directed Plaintiff to file any opposition to CCSF's pending motion for summary judgment by May 7, 2018, and warned Plaintiff that no further extensions would be granted. *Id.* at 5. Plaintiff never filed an opposition to the motion.

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[1] On July 20, 2017, CCSF filed reply briefs for its motion to dismiss, Dkt. No. 103, and its motion for summary judgment, Dkt. No. 104.

3

A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). If a court finds that there is no genuine dispute of material fact as to only a single claim or defense or as to part of a claim or defense, it may enter partial summary judgment. Fed. R. Civ. P. 56(a).

With respect to summary judgment procedure, the moving party always bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that no reasonable trier of fact could not find in its favor. *Celotex*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire*, 210 F.3d at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102-03.

"If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*, 475 U.S. at 586. A nonmoving party must also "identify with reasonable

4

particularity the evidence that precludes summary judgment," because the duty of the courts is not to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). If a nonmoving party fails to produce evidence that supports its claim or defense, courts must enter summary judgment in favor of the movant. *Celotex*, 477 U.S. at 323.

## III. DISCUSSION

CCSF moves for summary judgment as to Plaintiff's only surviving claims, brought against CCSF under 42 U.S.C. §§ 1981, 1983, and 1985 based on his 2010 arrest and 2014 prosecution. The Court finds that Plaintiff has failed to produce any evidence supporting his claims, despite having had three opportunities to file an opposition to CCSF's motion.

### A. Plaintiff Fails to Produce Any Evidence in Support of His Claim Under Section 1983.

A plaintiff may file a section 1983 claim where an entity, acting "under color" of state law, "subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." *See* 42 U.S.C. § 1983. The Court must liberally construe the complaint of a plaintiff who is proceeding pro se. *See Pouncil v. Tilton*, 704 F.3d 568, 574-75 (9th Cir. 2012). Accordingly, with respect to his 2010 arrest and 2014 prosecution, the Court construes the FAC to allege that CCSF violated Plaintiff's federal civil rights under section 1983 because of his race and national origin by (1) maliciously prosecuting him, and (2) subjecting him to criminal charges based on fabricated evidence. *See* FAC ¶¶ 13-14, 23-26, 33-34.

#### 1. Plaintiff produces no evidence in support of his malicious prosecution claim under section 1983.

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal quotation marks omitted) (original brackets). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." *Id.* Where

a "judge or magistrate . . . hold[s] a defendant to answer after a preliminary hearing," that act constitutes *prima facie*—but not *conclusive*—evidence of probable cause." *Id.* at 1067 (citing cases) (original emphasis). "Among the ways a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Id.* (citing sources) (original italics).

It is undisputed that the judge presiding over Plaintiff's preliminary hearing in the underlying state court criminal proceedings found probable cause to hold Plaintiff to answer at the conclusion of the hearing. *See* Dkt. No. 94 (CCSF's Request for Judicial Notice), Ex. B (preliminary hearing transcript), at 1359:26-1360:2 ("[F]or the reasons I'll state, I do find that each of the counts alleged as to Mr. Jen does meet the standard of probable cause, which is the standard to which a magistrate is held, so I will be holding him to answer with regard to all of those"); *id.* at 1363:23-1373:13, 1377:5-6 (court enumerated 242 counts for which Plaintiff would be held to answer); *id.* at 1377:12-16 (court declined to reduce bail "given the fact that I have now found not only probable cause as to some of the counts but proof beyond a reasonable doubt as to some of the counts").[2] But Plaintiff appears to allege that CCSF's prosecution of him was induced by fabricated evidence, which could undermine the state court's finding of probable cause. *See* FAC ¶ 25 ("While [this] evidence [was] used at the preliminary hearing to create probable cause, [it was] completely absent in the main trial because [it was] false. . . . Evidence was falsified by the officers in the City Attorney's Office and the Building Department in a successful effort to persuade the prosecutors to prosecute Jen in violation of his civil rights."); *see also id.* ¶¶ 30, 33-34. These allegations, however, are as far as Plaintiff goes. He has not filed an opposition to CCSF's motion for summary judgment, despite having had three opportunities to do so over an extended period of time, nor has he submitted any evidence in response to CCSF's motion.

---

[2] The Court grants CCSF's request for judicial notice of the hearing transcript for Plaintiff's preliminary hearing, for the purpose of establishing that the state court made the probable cause finding. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citations omitted).

6

1    Accordingly, CCSF is entitled to summary judgment because it has shown that Plaintiff "does not have enough evidence of an essential element to carry [his] ultimate burden of persuasion at trial," *see Nissan Fire*, 210 F.3d at 1102, and because Plaintiff has produced no evidence "to support [his] claim or defense," *see id.* at 1103. CCSF thoroughly catalogs Plaintiff's failure to produce evidence in support of his fabrication claims. On October 18, 2016, CCSF served written discovery on Plaintiff related to the claims at issue here. Dkt. No. 93 (Declaration of Thomas S. Lakritz, or "Lakritz Decl.") ¶ 4. Previously, the Court had ordered that responses to written discovery requests were due on November 29, 2016. Dkt. No. 46. Plaintiff never responded to CCSF's request for admissions. Lakritz Decl. ¶ 16. Plaintiff also failed to respond to CCSF's request for production of documents, *id.* ¶ 8, as well as a subsequent letter by CCSF's counsel informing him he had missed the deadline to produce responsive documents and requesting them by December 29, 2016, *id.* ¶ 9; *see also id.*, Ex. D. On June 1, 2017, Magistrate Judge Ryu granted CCSF's motion to compel and ordered Plaintiff to respond to the request for production. *See* Dkt. No. 78. Plaintiff failed to do so. Lakritz Decl. ¶ 14. Plaintiff also did not respond to all of CCSF's interrogatories, *see id.* ¶ 11, despite a court order to do so, *see* Dkt. Nos. 78 (court order), 82 (Plaintiff's incomplete responses). CCSF also deposed Plaintiff, who failed to provide testimony that would support either his malicious prosecution or fabrication of evidence theories. *See* Lakritz Decl., Ex. F at 23:18-22; 24:2-4, 5-8, 13-16; 62:2-4; 63:9-64:4 (Plaintiff responded "I don't know" to questions regarding, *inter alia*, whether there was probable cause to arrest or prosecute him, and whether evidence was fabricated to that end). Moreover, Plaintiff did not file an opposition to CCSF's motion, instead requesting additional time to respond. *See* Dkt. No. 99 at 4. On July 24, 2017, the Court formally denied Plaintiff's request, but nonetheless gave him leave to file an opposition no later than August 4, 2017. *See* Dkt. No. 105. On August 4, 2017, instead of filing an opposition, Plaintiff moved for reconsideration of the denial of his request for more time. *See* Dkt. No. 106. He has yet to file an opposition.

Plaintiff thus has failed to produce evidence to rebut the state court's prima facie finding of probable cause, which is an essential element of his malicious prosecution claim under section 1983. *See Awabdy*, 368 F.3d at 1066-67. Accordingly, CCSF's motion for summary judgment on

7

this theory is granted.

### 2. Plaintiff produces no evidence in support of his section 1983 claim that CCSF fabricated evidence.

A plaintiff also may bring a section 1983 claim on a theory that the "government violated [his] due process rights by subjecting [him] to criminal charges based on deliberately-fabricated evidence." *See Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001)). "Fundamentally, the plaintiff must first point to evidence he contends the government deliberately fabricated." *Id.* (citations omitted). The plaintiff may then employ one of two methods to prove "that the falsification was deliberate": he may demonstrate that the defendant (1) "continued his investigation of the plaintiff even though he knew or should have known that the plaintiff was innocent"; or (2) "used investigative techniques that were so coercive and abusive that he knew or should have known that those techniques would yield false information." *Id.* (citations, internal quotation marks, and brackets omitted).

As with the malicious prosecution claim, Plaintiff fails to carry his summary judgment burden as to the fabrication of evidence claim. He filed no opposition and submitted no evidence, failing to meet the foundational requirement of proffering facts suggesting that CCSF engaged in deliberate fabrication. For the same reasons discussed above, CCSF's motion for summary judgment on this theory is granted.

### B. Plaintiff Also Fails to Substantiate His Claims Under Sections 1981 and 1985.

Last, Plaintiff alleges causes of action under 42 U.S.C. § 1981, *see* FAC ¶¶ 38-40, and 42 U.S.C. § 1985, *see* FAC ¶¶ 41-44. Neither claim survives summary judgment.

The "specific function" of section 1981 is to "protect[] the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (citing 42 U.S.C. § 1981(a)) (internal quotation marks and brackets omitted). The provision thus prohibits "private racial discrimination." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). Thus, "[a]ny claim under § 1981 . . . must initially identify an impaired 'contractual relationship' under which the plaintiff has rights." *Domino's Pizza*, 546 U.S. at 476 (quoting 42 U.S.C. § 1981(b)). A plaintiff bringing

8

such a claim is also required to "show intentional discrimination on account of race." *Evans*, 869 F.2d at 1344. Setting aside the question of whether Plaintiff even alleged sufficient facts in the FAC to state a claim under section 1981, Plaintiff has failed to produce any evidence that would support such a claim at the summary judgment stage, as detailed above. Moreover, Plaintiff's civil rights conspiracy claim under section 1985 fails as a matter of law because he has no cognizable claim under section 1983. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004) ("[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983.").

Accordingly, because Plaintiff has failed to meet his burden on summary judgment with respect to his claims under sections 1981 and 1985, CCSF's motion is granted as to these claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** CCSF's motion for summary judgment. The Clerk is directed to enter judgment in favor of Defendant CCSF and close the case.

**IT IS SO ORDERED.**

Dated: 5/10/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge